UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BELLE COMPANY, LLC and                                   CIVIL ACTION
KENT RECYCLING SERVICES, LLC

VERSUS                                                   NO. 12-247-BAJ-SCR

THE UNITED STATES ARMY CORPS
OF ENGINEERS

## RULING ON MOTION TO DISMISS

This matter is before the Court on a motion to dismiss (doc. 12) for lack of subject matter jurisdiction and failure to state a claim filed by Defendant the United States Army Corps of Engineers ("Corps" or "Defendant"). Plaintiffs, Belle Company, LLC and Kent Recycling Services, LLC ("Belle" or "Plaintiffs," collectively), filed an opposition (doc. 20). The Corps then filed a reply (doc. 29). There is no need for oral argument.

## I.     FACTUAL BACKGROUND

Belle owns property in Assumption Parish ("the Property") that is the subject of this dispute. In 1995, Belle applied for and subsequently received a permit from the Louisiana Department of Environmental Quality (LDEQ) for the construction and operation of a solid waste landfill on the Property. Belle took this action under the impression that no jurisdictional wetlands existed on the Property, a classification that would exempt the land from federal regulations under the Clean Water Act (CWA). In 2003, the U.S. Department of Agriculture's Natural Resources Conservation Service (NRCS) informed Belle that the Property was designated as

commenced conversion wetlands rather than prior converted cropland, which meant that the Property was subject to the CWA.

Belle sought a jurisdictional determination from the Corps. In May of 2009, the Corps issued a preliminary jurisdictional determination that Belle's property contained wetlands and fell under the control of the CWA. LDEQ then required Belle to submit an application for a major modification of its LDEQ permit before constructing the landfill since the existing permit did not accurately reflect the regulatory requirements concerning wetlands. Belle subsequently submitted a permit application to the Corps based on the May 2009 preliminary jurisdictional determination, though Belle claims it did not believe wetlands were on the property and only filed the application out of an abundance of caution.

In January of 2011, the Corps issued an approved jurisdictional determination[1] concluding that the Property contained jurisdictional wetlands. Belle appealed the decision, and the determination was remanded to the division engineer pursuant to the administrative appeal process under 33 C.F.R. § 331.

In February of 2012, the division engineer concluded that the Property contained wetlands subject to the CWA. On May 31, 2012, the Corps returned the pending permit application to Belle and informed it that, if Belle decided at some future date to construct the landfill, a new application must be submitted that reflected the proper regulatory requirements concerning wetlands.

---

[1] An approved jurisdictional determination is "a Corps document stating the presence or absence of waters of the United States on a parcel or a written statement and map identifying the limits of waters of the United States on a parcel." 33 C.F.R. § 331.2. The regulation further notes that an approved jurisdictional determination is an "appealable action" within the designated administrative appeal process. *Id.*

2

Belle filed this action seeking declaratory judgment and an injunction against the Corps based on the February 2012 approved jurisdictional determination. First, Belle alleges that certain agency rules and memoranda used to support the February 2012 determination were promulgated in violation of notice and comment requirements under the APA. Second, Belle argues it was denied due process under the Fifth Amendment during and as a result of the administrative appeal process. Finally, Belle contends that the February 2012 jurisdictional determination was unlawful since the Property should be classified as prior converted cropland outside of the reach of the CWA.

Defendants seek dismissal for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. The Corps alleges that Belle's claims are not ripe, that there is no final agency action subject to judicial review under the APA, and that certain claims are barred by the statute of limitations.

## II.    STANDARD OF REVIEW

A complaint must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the court lacks the statutory or constitutional power to hear the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984). "A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6)." *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992). In reviewing a Rule 12(b)(6) motion, a court must accept all well-

3

pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

In ruling on a Rule 12(b)(1) motion, however, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009), *cert. denied,* 130 S.Ct. 1054 (2009); *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied,* 536 U.S. 960 (2001) (stating that a court ruling on a 12(b)(1) motion may evaluate "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts").

## III.   LAW AND DISCUSSION

### a.  Finality

The Administrative Procedure Act (APA) permits judicial review of "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Thus, in order for this Court to have jurisdiction, the approved jurisdictional determination in the instant case must constitute final agency action.

The Supreme Court has articulated a two-part test for determining whether agency action is "final" within the context of the APA. *See Bennett v. Spear*, 520 U.S. 154, 177-78 (1997).[2]  First, the action must mark the "consummation" of the agency's decision making process and "not be of a merely tentative or interlocutory

---

[2] The Fifth Circuit has also applied the *Bennett* test in its jurisprudence. *See Nat'l Pork Producers Council v. E.P.A.*, 635 F.3d 738, 755-56 (5th Cir. 2011) (holding that the EPA's issuance of guidance letters did not constitute final agency action).

4

nature." *Bennett*, 520 U.S. at 177-78. Second, the action "must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'" *Id.* (citation omitted).

With respect to the first prong, Defendant recognizes that agency regulations provide that an approved jurisdictional determination constitutes "a Corps final agency action." 33 C.F.R. § 320.1(a)(6); however, Defendant contends that § 320.1(a)(6) should not be interpreted to mean that jurisdictional determinations are "final" within the context of the APA so as to mark the "consummation" of the agency's decision making process. In response, Belle argues that the decision of the division engineer to uphold the jurisdiction determination is tantamount to the "consummation" of the Corps' decision making process on this issue. In accordance with the prescribed administrative process, Belle appealed the jurisdictional determination to the division engineer, and the division engineer concluded that the Property was subject to the CWA. Thus, since "no further agency decision making on this issue can be expected," *Fairbanks North-Star v. U.S. Army Corps of Eng'rs*, 543 F.3d 586, 593 (9th Cir. 2008), the approved jurisdictional determination in the instant case satisfies the first prong of the *Bennett* test.

Regardless of whether the first prong is met, in order for the approved jurisdictional determination to be a "final" agency action under the APA, it must also be an action "by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'" *Bennett* at 178 (citation omitted). Plaintiffs contend that the jurisdictional determination satisfies the second prong of the

*Bennett* test because, in order to develop the Property, Plaintiffs must now obtain a water quality certification from LDEQ, a discharge permit from the Corps, engage in compensatory mitigation, and file for an application for a major modification of the solid waste permit. These actions, according to Plaintiffs, are obligations and legal consequences that result from the jurisdictional determination.

Alternatively, the Corps argues that the issuance of the jurisdictional determination did not affect Belle's rights, obligations, or legal consequences within the context of the *Bennett* analysis. The Corps contends that any obligations or consequences regarding the Property stem not from the jurisdictional determination itself, but from the underlying CWA.

One case cited by the Corps and subsequently discussed at length by the parties in their briefs is *Fairbanks North-Star v. U.S. Army Corps of Eng'rs*, a Ninth Circuit decision regarding a request for judicial review of an approved jurisdictional determination. *Fairbanks*, 543 F.3d at 589. In *Fairbanks*, a property owner sought to develop a tract of land and requested a jurisdictional determination from the Corps. After the Corps declared the property to be subject to the CWA, a decision which was upheld following an administrative appeal, the property owner sought judicial review of the jurisdictional determination. *Fairbanks* at 589-90. The Ninth Circuit found that a jurisdictional determination is not a "final" agency action within the meaning of the APA, noting that a jurisdictional determination "at most simply reminds affected parties of existing duties imposed by the CWA itself and

commands nothing of its own accord." *Fairbanks* at 595 n.10 (citation omitted).
Thus, the Ninth Circuit dismissed the claim for lack of subject matter jurisdiction.

When considering the effect of the approved jurisdictional determination in
the instant case, the Court finds that the       Corps' decision "imposes no new or
additional legal obligations," but simply "reminds" Belle of existing duties under the
CWA. *Id.* In other words, Belle is only required to submit a permit application *if* it
chooses to construct a solid waste facility or accept waste on the Property. Plaintiffs
have not been granted or denied a CWA permit based on the appropriate
jurisdictional status of the Property, and Belle does not have any existing legal
obligation to submit such an application.[3] Thus, the Court concludes that the second
prong of the *Bennett* test is not satisfied.

Therefore, since Plaintiffs fail to meet both prongs of the *Bennett* analysis,
the Court finds that the approved jurisdictional determination issued to Belle does
not constitute final agency action within the context of the APA.


**b. Applicability of *Sackett v. E.P.A.***

The Court notes that the Supreme Court's decision in *Sackett v. E.P.A.* does
not affect the outcome of the instant case since the facts of *Sackett* are
distinguishable from those currently before this Court. *See Sackett v. E.P.A.*, ___
U.S. ___, 132 S. Ct. 1367 (2012). In *Sackett*, the United States Environmental

---

[3] Alternatively, even if Belle chose to develop the property without the appropriate permit, Belle would face liability under government regulations "only for noncompliance with the CWA's underlying statutory commands, not for disagreement with the Corps' jurisdictional determination." *Fairbanks* at 594 (citing 33 U.S.C. § 1319(b)-(c), (g) (providing criminal, civil and administrative penalties for violation of the CWA, but not referring to approved jurisdictional determinations)).

Protection Agency (EPA) issued a compliance order to the plaintiffs after they (or individuals on their behalf) discharged fill materials into wetlands without a permit. While the compliance order included a jurisdictional finding that the Sacketts' property contained wetlands, more importantly, the order *also* notified the Sacketts that the past discharge of pollutants into the wetlands constituted a violation of the CWA and that they were required to "immediately undertake activities to restore the Site." *Id.* at 1371. The Supreme Court concluded that the compliance order issued by the EPA was a "final agency action for which there [was] no adequate remedy other than APA review." *Id.* at 1374.

While the plaintiffs in *Sackett* were ordered to remediate their discharge of pollutants into the wetlands, Belle has not received any compliance order from the EPA demanding that it undertake any remedial acts on the Property in the instant case. In fact, there is no evidence that Belle has done anything on the Property in violation of the CWA. Unlike the Sacketts who faced potential fines for each day they refused to follow the EPA compliance order, Belle does not face any imminent penalties. Thus, given these factual distinctions, the Court finds that *Sackett* is not controlling.

Additionally, Belle still has the ability to submit an application for a major modification of a permit pursuant to the Corps' instructions on May 31, 2012. Should this permit application be denied, Plaintiffs may appeal the decision pursuant to the administrative process outlined in the APA.

Given the options still available to Belle, the Court dismisses Plaintiffs' claims in the instant case without prejudice to refiling. Because the Court finds that it lacks subject matter jurisdiction, it is not necessary to address Plaintiffs' remaining claims.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (doc. 12) is GRANTED without prejudice.

Baton Rouge, Louisiana, February 28 , 2013


BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA